BATES, APPELLANT, *v.* BILL SWAD LEASING COMPANY ET AL., APPELLEES.

(No. 83AP-911—Decided June 19, 1984.)

154

*Leda M. C. Hartwell,* for appellant.
*Joel H. Mirman,* for appellees.
*Thomas E. Howard, pro se.*

WHITESIDE, J. Plaintiff, Andrew Bates, appeals from a judgment of the Franklin County Court of Common Pleas and raises two assignments of error as follows:

"1. The court committed error in refusing the charge to the jury.

"2. The court committed error prejudicial to appellant when the court stated: 'How many beer joints did you pass on the way up to Lincoln and Fourth.' "

Plaintiff filed this action seeking to recover damages for personal injury sustained when he was struck by a vehicle operated by defendant Thomas E. Howard.

Plaintiff was operating his automobile on Fourth Street when it stalled. He walked north on the sidewalk looking for a telephone so he could call for help. As he walked across Lincoln, he noticed defendant Howard's vehicle and decided that he would attempt "to flag him and see if he will stop." Plaintiff testified:

"I seen [*sic*] it coming out to get onto Fourth Street. * * *

"He's coming out on Lincoln, coming out there. So he'll stop. I thought for sure he would stop because it was such a short distance. So I stepped out on one — one foot I had on the street and one on the sidewalk, and I throwed [*sic*] up my hand and was waving to make him stop."

Instead, defendant's vehicle struck plaintiff causing personal injuries. Defendant Howard's version of the accident was slightly different. He testified:

"I went through an intersection. I was checking my rear-view mirror. I looked in front of me and saw a guy standing in the street with his thumb out with his back turned toward me.

"I immediately turned to the right and checked my rear-view mirror, looked back and he stepped in front of me again. I then struck him, let the vehicle stop, pushing the brakes as rapidly as I could. * * *"

After completion of cross-examination, the trial court interjected certain questions to plaintiff:

"THE COURT: What time of the day or night was this?

"THE WITNESS: Six-thirty.

"THE COURT: In the morning?

"THE WITNESS: In the evening. It's dark at that time in the wintertime.

"THE COURT: How many beer joints did you pass on the way up to Lincoln and Fourth?

"THE WITNESS: What?

"THE COURT: How many beer joints did you pass on the way up to Lincoln and Fourth?

"THE WITNESS: I didn't pass any. I didn't pass nowhere that was open.

"THE COURT: At 6:30 in the evening?

"THE WITNESS: Six-thirty in the evening on Sunday."

Redirect examination by counsel reaffirmed that the accident occurred on a Sunday evening.

This interjection by the trial court constitutes the basis for the second assignment of error. There is nothing in the record indicating any reason for the questioning concerning "beer joints," nor is there any indication of any relevancy of the questions.

It is proper for a trial judge to propound proper and pertinent questions to witnesses to clarify the material facts. However, especially in a jury trial, it is not proper for a trial court to cross-examine a party as to matters which are not relevant to the issues and which suggest to the jury the existence of an issue which has not been proved or raised by the parties. Here, not only was such an

issue suggested by the trial court's questioning, but it appeared to have no foundation, and the jury was left with at least an inference that plaintiff was wont to buy and consume alcoholic beverages, which in no manner was corrected by the trial court. While the inquiry was not lengthy, the trial was brief. The inquiry of the court was approximately one-fourth of the total cross-examination of plaintiff, and was the only portion of the cross-examination suggesting any basis for doubting the credibility of plaintiff. The mere asking of the questions by the court suggests to the jury that there was a proper basis or foundation for the inquiry, especially where, as here, the trial court made no contrary instruction either at the time or in his general charge. Under these circumstances, we must find the interjection of this issue, by the asking of these questions on an issue not relevant, constitutes prejudicial error. See *State* v. *Lawrence* (1954), 162 Ohio St. 412 [55 O.O. 236], and *Surgeon* v. *Surgeon* (1956), 165 Ohio St. 233 [59 O.O. 307]. The second assignment of error is well-taken.

The first assignment of error relates to the refusal of the trial court to a charge that right-of-way is not unqualified. Unfortunately, in his brief, plaintiff has not set forth any requested charge, nor made reference to the portion of the record in which it was requested. The record does reflect the trial court's denial of a requested instruction which is not a correct statement of law and which does not pertain to the issue argued in plaintiff's brief. After the giving of the court's charge, counsel for plaintiff did state to the court, "* * * I would like to have the jury charged additionally to the fact that the right of way is not a qualified right of way, that when the defendant said that he saw this man assumably hitchhiking, he certainly must have had sufficient time within which to stop." No objection has been made as to the accuracy of the record so that it would appear that counsel did not make the request in the manner suggested in argument in support of the assignment of error. Accordingly, we find no error with respect to the trial court's charge. The first assignment of error is not well-taken.

Defendant filed no brief upon appeal so that this court, pursuant to App. R. 18(C), "* * * may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action." While we have reviewed the record to ascertain the accuracy of the contentions of plaintiff with respect to the second assignment of error, application of App. R. 18(C) requires reversal under the circumstances involved.

Accordingly, the first assignment of error is overruled, the second assignment of error is sustained, the judgment of the Court of Common Pleas of Franklin County is reversed, and this cause is remanded to that court for further proceedings in accordance with law consistent with this decision.

*Judgment reversed and*
*cause remanded.*

MOYER and NORRIS, JJ., concur.